IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILL H. LARUE<br>MARY CATHERINE LARUE,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil No. 1:06-cv-1495-RBW<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION TO STRIKE SECOND AMENDED COMPLAINT

The United States moves to strike Plaintiffs' second amended complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiffs' second amended complaint is futile, therefore the Court should not grant Plaintiffs leave to file it. A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: May 23, 2007

Respectfully submitted,

/s/ Anne E. Blaess
ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT, MEMORANDUM, and proposed ORDER were caused to be served upon Plaintiffs *pro se* on the 22nd day of May, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Will H. LaRue
>Mary Catherine LaRue
>Plaintiffs *pro se*
>10034 W. Poria
>Sun City, AZ 85351

>	/s/ Anne E. Blaess
>	ANNE E. BLAESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILL H. LARUE<br>MARY CATHERINE LARUE,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Civil No. 1:06-cv-1495-RBW<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO STRIKE SECOND AMENDED COMPLAINT

This is a civil action in which Plaintiffs seek damages for alleged wrongful disclosures occurring during the process of tax collection.

### QUESTION PRESENTED

Fed. R. Civ. P. 15(a) provides that a party must obtain either leave of court or written consent of the adverse party before filing a second amended complaint, and that leave should be freely given unless, *inter alia*, the amendment would be futile. Plaintiffs' second amended complaint does not cure any of the defects present in the original complaint or the amended complaint, therefore filing it would be futile. Should the court grant Plaintiffs leave to file their second amended complaint?

### STATEMENT OF FACTS

1. Introduction

On August 21, 2006, Plaintiffs, acting *pro se*, filed their complaint. Plaintiffs seek to recover damages for the disclosure of return information by Service agents.

On November 3, 2006, the United States filed the United States' motion to dismiss. In its motion, the United States demonstrated that Plaintiffs' section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. The United States also demonstrated that Plaintiffs failed to exhaust their administrative remedies as required to maintain a cause of action under section 7433. Finally, the United States demonstrated that even if this case were properly before the Court under either 26 U.S.C. §§ 7431 or 7433, Plaintiffs have not alleged a wrongful disclosure of their tax return information.

On December 14, 2006, Plaintiffs filed their amended complaint for damages under section 7431. Plaintiffs' amended complaint failed to cure any of the defects present in the original complaint.

On January 4, 2007, the United States filed the United States' motion to dismiss amended complaint. In its motion, the United States demonstrated that Plaintiffs' amended complaint should be dismissed for the same reasons stated above.

On March 26, 2006, Plaintiffs mailed a request for leave to file a second amended complaint to counsel for the United States. (See Exhibit 1.)[1] As of the date of this

---

[1] Although titled "2nd Amended Complaint," the document in question plainly seeks leave to file such an amended pleading.

motion, Plaintiffs have failed to file their request for leave to file a second amended complaint with the Court.

    2. <u>Plaintiffs' second amended complaint</u>

Plaintiffs argue that, based upon information received in response to Plaintiffs' FOIA requests, Plaintiffs' confidential taxpayer information has been disclosed by the Service.  (<u>Id.</u> at p. 2.)  Attached to Plaintiffs' papers is a notice of federal tax lien filed on November 10, 1993, and a notice of levy served on March 9, 2005.  (<u>Id.</u> Attachments.)

ARGUMENT

**I. Standard of Review**

Fed. R. Civ. P. 15(a) governs amendments to pleadings.  It permits a party to amend that party's pleading once as a matter of course any time prior to being served with a responsive pleading.  Otherwise, a party may amend a party's pleading only by leave of court or by written consent of the adverse party, with leave freely given when justice so requires.  Fed. R. Civ. P. 15(a).  The law is well settled that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving part, or the amendment would be futile."  <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986) <u>citing</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

## II.  Plaintiffs Should Not Be Granted Leave to Amend Their Pleadings

Fed. R. Civ. P. 15(a) provides that Plaintiffs must procure leave of court or the written consent of the United States prior to filing or serving their second amended complaint.  The United States has not consented to the filing of Plaintiffs' second amended complaint, and the Court should not grant them leave to do so.

Plaintiffs' second amended complaint is futile in that it does not take their suit out of the purview of 26 U.S.C. § 7433, nor does it provide for the exhaustion of administrative remedies, as required by section 7433.  Despite Plaintiffs' attempt to characterize the proposed second amended complaint as containing new allegations, the gravamen of the second amended complaint is the same as that of the original complaint and the same as that of the amended complaint.  And while Plaintiffs fail to state in their papers under what authority they are basing it, it is clear from the allegations that Plaintiffs' suit is still one under section 7433.

Therefore, the Court should not grant Plaintiffs leave to file their second amended complaint because the proposed second amended complaint is futile in that it does not operate to remove Plaintiffs' case from section 7433 nor does it cure the jurisdictional defects of the earlier complaints.

CONCLUSION

Plaintiffs' proposed second amended complaint is futile, therefore the Court should not grant Plaintiffs leave to file it.

DATE: May 23, 2007                              Respectfully submitted,

                                                    /s/ Anne E. Blaess
                                              ANNE E. BLAESS
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Ben Franklin Station
                                              Washington, DC 20044
                                              Telephone: (202) 616-9806
                                              Facsimile: (202) 514-6966
                                              Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney