**RECEIVED**
JUN 0 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## United States District Court
IN THE DISTRICT OF COLUMBIA

Will H LaRue
Mary Catherine LaRue

Case No. 1:06-cv-01495

Plaintiff(s),

v.

United States
         Defendant.

### RESPONSE TO MOTION TO STRIKE

Plaintiff responds to defendant's Motion to Strike as follows:

Defendant asserts that plaintiff must request leave of court to file plaintiffs' 2nd amended complaint. Defendant has not yet filed any pleading into this matter and plaintiff did request leave of court. The first line of plaintiffs' 2nd amended complaint reads "Based on recent responses to FOIA requests plaintiffs seek leave of court to file a 2nd amended complaint."

Plaintiff filed this action as a complaint pursuant to 26 U.S.C.§7431. However, defendant in both its motion to dismiss and its motion to strike asserts that the court should construe plaintiffs' complaint as being filed pursuant to 26 U.S.C. §7433[1]. Either way defendants' argument fails..

If the court construes the instant matter as being filed as a 7431 action then there is no requirement to exhaust administrative remedies. If the court construes the instant matter as being a 7433 action (as defendant asserts) then .Arbaugh v. Y & H Corp., 126

---

[1] The court in its discretion may construe the instant matter as being either an action under 7431 or 7433.

S.Ct. 1235 (2006), decided February 22, 2006, and that precedent was cited by the District Court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny and *Jones v Bock* (Nos. 05-7058, 05-7142) __ U.S. _____, (Argued: October 30, 2006 – Decided: January 22, 2007) are controlling.

Arbaugh was decided February 22, 2006 and preceded defendant's motion to dismiss. *Turner, Lindsey* and their progeny preceded defendant's motion to dismiss, yet defendant, with the active assistance of counsel, presented "lack of subject matter jurisdiction" as a primary ground for dismissal, demonstrating at least minimal contempt for the findings of this Court. Pursuant to the aforementioned cases it is well settled in this court[2] that failure to exhaust is *non-jurisdictional* and this court has on numerous occasions refused to dismiss for lack of subject matter jurisdiction, as it should on this occasion.

Jones was decided: January 22, 2007, and also preceded defendants' motion to dismiss, yet defendant, with the active assistance of counsel, presented "failure to exhaust administrative remedies" as a primary ground for dismissal, demonstrating at least minimal contempt for the findings of the United States Supreme Court.

The Honorable Roberts, C.J., opined that:

"Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint...".

Writing for the Court, the Chief Justice explained that,

"The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the

---

[2] Contrary to defendants' assertion there is no split in authority on this matter. It well settled that failure to exhaust does not deprive the court of subject matter jurisdiction. Therefor, the court is prohibited from dismissing on that ground.

usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether exhaustion must be pleaded. The *Jones* Court also reiterated:

"Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[3]

and,

"Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil Procedure. Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to "demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual practice", raise such matter as an <u>affirmative defense</u>, and "place before the jury sufficient proof to generate a jury instruction on the particular defense theory sought"[4], and, notwithstanding recent cases dismissing on grounds of "failure to state a claim", the *Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, reiterated:

"If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of

---

[3] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)

[4] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel, Levenson, Vickerson & Beneman

the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*, and of any affirmative defense. *Jones*.

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies available*" as described in 7433(d)'s language; "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[5]

## CONCLUSION

If the court construes plaintiffs' complaint as being filed pursuant to 26 U.S.C. 7431 then defendants' motion fails for the foregoing reasons. If the court construes plaintiffs' complaint as being filed pursuant to 26 U.S.C. 7433 then defendants' motion fails for the foregoing reasons.

Wherefore, for the foregoing reasons plaintiffs' request that defendants' motion to strike be denied, the court allow plaintiffs' 2nd amended complaint be filed and the matter be allowed to move forward.

Dated: June 1, 2007

_____
Will H LaRue

_____
Mary Catherine LaRue

---

[5] Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:
> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, <u>or at the trial on the merits</u>." Fed.R.Civ.P 12(h)(2) (emphasis added)

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on

Anne E. Blaess
U.S. DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044

Dated  June 1,     , 2007

*Will H LaRue*
Will H LaRue