UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN LINDSEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Civil Action No. 06-1409 (RBW) |
| WILL LARUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Civil Action No. 06-1495 (RBW) |
| ROBERT WELZEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Civil Action No. 06-1580 (RBW) |

|  | ) |  |
| --- | --- | --- |
| LEE GARVIN, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 06-1735 (RBW) |
|  | ) |  |
| UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| _____ | ) |  |
|  | ) |  |
| STEPHAN FORYAN, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 06-1947 (RBW) |
|  | ) |  |
| UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| _____ | ) |  |

**ORDER**

These cases are several of a large number of virtually identical taxpayer lawsuits recently filed by putative pro se litigants in an apparent attempt to flood the federal courts with various boilerplate challenges to actions of the United States Internal Revenue Service ("IRS").[1] See Lindsey v. United States, 448 F. Supp. 2d 37, 41 n.3 (D.D.C. 2006) (providing a representative sample of case citations); see also Goodwin v. United States, Civ. No. 06-1771 (RJL), 2007 WL

---

[1] To this end, the Court notes, with some measure of irony, the dubious response of plaintiffs Will and Mary Catherine LaRue to the government's presentation of a list of other cases in which identical complaints had been filed: "Plaintiff(s) have/has no knowledge as to who plaintiff(s) is/are in the listed cases. Plaintiff(s) is/are not part of any concerted, organized effort regarding 26 U.S.C. § 7431." Response to United States' Notice of Related Cases at 2.

2

1601722, at *1 (D.D.C. June 4, 2007) (stating that "[the] [p]laintiffs' complaint is one of many nearly identical, boilerplate complaints filed in our Court by pro se plaintiffs under the Taxpayers Bill of Rights"); Placke v. United States, Civ. No. 06-26 (JR), 2007 WL 537724, at *1 n.1 (D.D.C. Feb. 16, 2007) (stating that "[t]his case is one of more than seventy cases in which pro se plaintiffs have filed complaints in this Court . . . [which], while not identical . . ., are virtually indistinguishable [from each other], and presumably incited, or aided and abetted, by templates found on the Internet").

Here, the plaintiffs bring suit under 26 U.S.C. § 7431 (2000), seeking damages for the allegedly "intentional and/or negligent unlawful disclosure of confidential [tax] return information by [agents of the IRS]" in connection with notices of federal tax liens filed by the IRS with various county recorders and registers of deeds. Lindsey Amended Complaint ¶¶ 1, 4-5 (filed December 8, 2006); LaRue Amended Complaint ¶¶ 1, 4-5 (filed December 14, 2006); Welzel Amended Complaint ¶¶ 1, 4-5 (filed January 31, 2007); Garvin Complaint ¶¶ 1, 4-5 (filed October 5, 2006); Foryan Complaint ¶¶ 1, 4-5 (filed November 14, 2006). The government moves to dismiss each of these cases pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the Court lacks subject-matter jurisdiction over the plaintiffs' complaints and that the plaintiffs have failed to state a claim upon which relief can be granted.[2]

---

[2] Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (other citations omitted). "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotation marks and citation omitted). A court ruling on a Rule 12(b)(1) motion to dismiss "may consider materials outside the pleadings" to determine whether it has jurisdiction over the underlying claims. Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1254 (D.C. Cir. 2005) (citation omitted); see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (stating that "[i]n [Rule] 12(b)(1) proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on [its] authority to entertain the case") (internal citations

(continued...)

Because other members of this Court have examined identical claims in detail and concluded without exception that the plaintiffs' § 7431 claims lack merit and must be dismissed, see Radcliffe v. United States, Civ. No. 06-1858 (RJL), 2007 WL 1141580 (D.D.C. Apr. 17, 2007) (dismissing § 7431 action for lack of subject-matter jurisdiction); Powell v. United States, Civ. No. 06-1860 (RJL), 478 F. Supp. 2d 66 (D.D.C. Mar. 21, 2007) (same); Koerner v. United States, Civ. No. 06-1633 (ESH), 471 F. Supp. 2d 125 (D.D.C. Jan. 23, 2007) (same); see also Glass v. United States, Civ. No. 06-1619 (ESH), 480 F. Supp. 2d 162 (D.D.C. Mar. 27, 2007) (dismissing § 7431 action for failure to state a claim upon which relief can be granted); Evans v. United States, Civ. No. 06-1713 (JDB), 478 F. Supp. 2d 68 (D.D.C. Mar. 21, 2007) (same);

---

[2](...continued)
and quotation marks omitted). However, where the defendant is challenging the complaint's assertion of jurisdiction as facially invalid, "the court must still accept all of the factual allegations in the complaint as true." Jerome Stevens Pharm., 402 F.3d at 1254 (internal quotation marks and citations omitted); see Erby, 424 F. Supp. 2d at 182 (noting that where "a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party") (citations omitted).

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007). In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, ___ U.S. ___, ___, 127 S. Ct 2197, 2200 (June 4, 2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, ___ U.S. at ___, 127 S. Ct. at 1965 (internal quotation marks and brackets omitted). Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as . . . factual allegation[s]." Trudeau, 456 F.3d at 193 (internal quotation marks and citations omitted). In evaluating a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997). Finally, the pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, ___ U.S. at ___, 127 S. Ct. at 2200 (internal quotation marks and citations omitted). Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint[, no less than any other complaint,] must present a claim on which the Court can grant relief." Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisaft v. Holland, 665 F.2d 1305, 1308 (D.C. Cir. 1981)); see McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted as to [wholly] excuse mistakes by those who proceed without counsel") (footnote omitted).

Martin v. United States, 06-1624 (JDB), 2007 WL 891666 (D.D.C. Mar. 21, 2007) (same), this Court need not reiterate at any great length the multiple reasons why the plaintiffs' legal arguments clearly fail.

Accordingly, for the reasons articulated in, inter alia, Glass and Evans, the Court holds that (1) "the exclusivity provision of [26 U.S.C. § 7433 (2000)] bars a § 7431 suit for unauthorized disclosure of return information when the alleged disclosure occurs in connection with a tax collection activity," Glass, 480 F. Supp. 2d at 164 (quoting Schwarz v. United States, 234 F.3d 428, 432 (9th Cir. 2000)) (internal quotation marks omitted); (2) "[t]he filing of a notice of lien is patently a tax collection activity," id. at 165 (citations omitted); see also Opdahl v. United States, Civ. No. 98-262 (TPJ), 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (observing that "[f]ederal courts have held that disclosure of return information in notices of levy is necessary to the [tax] collection activity") (citing Farr v. United States, 990 F.2d 451, 455 (9th Cir. 1993), and Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993)) (internal quotation marks omitted); and therefore (3) the plaintiffs "do[] not have a right of action under [§ 7431] because [they] seek[] damages for IRS disclosures that were made in connection with tax collection activity," Evans, 478 F. Supp. 2d at 72.

Moreover, this Court agrees fully with the Glass Court's position that because "§ 7431 provides civil damages [only] when there is a negligent or willful violation of [26 U.S.C. § 6103 (2000)]," Glass, 480 F. Supp. 2d at 165, and because there is no violation of § 6103 when "an internal revenue officer or employee . . . disclose[s] [tax] return information to the extent that such disclosure is necessary," id. (quoting 26 U.S.C. § 6103(k)(6)) (internal quotation marks omitted), then the plaintiffs' complaints must be dismissed even if their § 7431 claims were not

5

barred by § 7433 and were considered on their merits, given that "[t]he limited information concerning [the plaintiffs'] tax deficiencies included in the notice of lien . . . was necessary to the collection activity and did not violate [§ 7431]," id. at 166 (internal quotation marks and citation omitted); see 26 C.F.R. § 301.603(k)(6)-1(a)(vi) (2007) (permitting disclosure of information under § 6103 where necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets"); see also, e.g., Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) (holding that "§ 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed") (footnote omitted).

Finally, because the plaintiffs make no representations that they have exhausted their respective administrative remedies, "[i]t would be futile for the Court to construe [their claims] as [claims] for damages under § 7433." Glass, 480 F. Supp. 2d at 165 n.1. Although exhaustion of administrative remedies before bringing a claim under § 7433 "is not a jurisdictional requirement," id. (citations omitted) (emphasis in original); see also Lindsey, 448 F. Supp. 2d at 52 (concluding that "the section of the Internal Revenue Code governing claims for damages based on actions of the IRS, 26 U.S.C. § 7433, does not make the exhaustion of administrative remedies a jurisdictional prerequisite to bringing suit in federal court"), the plaintiffs' apparent "failure to exhaust is nevertheless fatal under Rule 12(b)(6)," Glass, 480 F. Supp. 2d at 165 n.1 (citations omitted); see also Ross v. United States, 460 F. Supp. 2d 139, 146 (D.D.C. 2006) (stating that "[e]xhaustion remains a requirement for maintaining a suit for damages under [§]

7433, and failure to satisfy the requirement will result in dismissal for failure to state a claim") (citations omitted).

For all of these reasons, the plaintiffs, like their numerous predecessors, have failed to state a claim upon which relief can be granted pursuant to either § 7431 or § 7433. Accordingly, it is hereby

**ORDERED** that the government's motions to dismiss pursuant to Rule 12(b)(6) are GRANTED. It is further

**ORDERED** that the plaintiffs' complaints are DISMISSED with prejudice.

**SO ORDERED** this 28th day of June, 2007.


                                            REGGIE B. WALTON
                                            United States District Judge